IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TIMOTHY BAINUM and MARY LYNDA ROBBINS,
as Co-Trustees of the Bainum Family Insurance Trust                    PLAINTIFFS

v.                              No. 6:18-CV-06010

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY
and AGENCY SERVICES OF ARKANSAS, INC.                                  DEFENDANTS

## OPINION AND ORDER

Before the Court are Plaintiffs' motion to remand (Doc. 20) and brief in support (Doc. 21). Defendant The Lincoln National Life Insurance Company ("Lincoln") filed a response in opposition (Doc. 26). For the following reasons, the Court finds that Plaintiffs' motion to remand (Doc. 20) should be granted.

**I.     Background**

In 2002, Lincoln issued a $10 million life insurance policy ("Policy") to the Bainum Family Insurance Trust ("Trust"). The Policy insured the life of Evea Bainum. Agency Services of Arkansas, Inc. ("ASA") brokered the Policy on behalf of the Trust.

The Trust made periodic premium payments between February 2002 and February 2008, and the Policy accumulated a "cash value" of $2,038,922. In February 2008, the Trust stopped paying premiums because the cash value of the Policy was sufficient to make these payments.

In December 2013, the Trust asked ASA to prepare an illustration showing the cash value of the policy. In response, ASA prepared an illustration which showed that the policy would lapse sometime in 2015 if no more premiums were paid.

On February 9, 2015 and March 5, 2015, Lincoln sent letters to the Trust indicating that the Trust had missed a premium payment and that if the payment was not made by April 9, 2015,

1

the Policy would be cancelled. On April 15, 2015, Lincoln sent a letter to the Trust stating that it was cancelling the policy.

Plaintiffs allege that they did not receive any of these letters because they were mailed to the Trust's previous address which was no longer in use. Plaintiffs also allege that ASA received the letters and knew that they has been sent to the Trust's previous address, but did not inform Plaintiffs that the Policy would be cancelled if they did not make a premium payment or that the Policy was subsequently cancelled.

Plaintiffs learned that Lincoln had cancelled the Policy on September 28, 2016. On October 14, 2016, Evea Bainum died. Lincoln refused to pay the $10 million policy benefit.

On August 11, 2017, Plaintiffs filed a complaint (Doc. 1-1) in the Circuit Court of Pike County, Arkansas. Plaintiffs brought claims for declaratory judgment, breach of contract, and breach of the duty of good faith and fair dealing against Lincoln. Plaintiffs brought claims for breach of contract and negligence against ASA.

On January 22, 2018, Lincoln filed a notice of removal (Doc. 1) asserting that Plaintiffs fraudulently joined ASA to evade the jurisdiction of this Court. On February 20, 2018, Plaintiffs filed their motion to remand this case to Circuit Court of Pike County, Arkansas (Doc. 20).

## II. Legal Standard

Plaintiffs Timothy Bainum and Mary Lynda Robbins, who bring this suit in their capacity as co-trustees of the Trust, are both citizens of Arkansas. ASA is also a citizen of Arkansas, its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Lincoln is a citizen of both Indiana, its place of incorporation, and Pennsylvania, its principal place of business. *Id.* As Plaintiffs and ASA are citizens of the same state, ASA's presence in the litigation defeats federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Lincoln removed this case to federal

court arguing (1) ASA was fraudulently joined in the state court action to defeat federal diversity jurisdiction; (2) ASA should therefore be dismissed as a defendant; and (3) once ASA is dismissed, subject matter jurisdiction in this Court will be proper due to the presence of complete diversity of citizenship among the remaining parties.

"[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (quoting *Chesapeake & Ohio Ry Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). To prove fraudulent joinder, the removing defendant must show that there is no "reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent . . . . However if there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Filla*, 336 F.3d at 810. The party invoking federal jurisdiction has the burden of proving jurisdiction is proper by a preponderance of the evidence. *See Knudson*, 634 F.3d at 975. Because this action was removed to federal court by Lincoln, the burden is theirs.

**III. Analysis**

Plaintiffs argue that ASA was not fraudulently joined because they have stated a colorable claim for negligence against ASA under Arkansas law.[1] The Court finds that the factual allegations

---

[1] Plaintiffs make a number of additional arguments. However, because the Court finds that Plaintiffs stated a colorable claim for negligence and remands the case to the Circuit Court, these arguments need not be addressed.

in Plaintiffs' complaint (Doc. 1-1) provide a reasonable basis for predicting that ASA might be liable for negligence under Arkansas law.

To prevail on a negligence claim under Arkansas law, a plaintiff must plead and prove that the defendant owed a duty to the plaintiff, the defendant breached that duty, and the breach was the proximate cause of the plaintiff's injuries. *See Branscumb v. Freeman*, 200 S.W.3d 411, 416 (Ark. 2004).

Persuasive authority states that in Arkansas "an agent may be negligent for failing to give the insured notice of an impending cancellation of a policy." 1 Arkansas Law Of Damages § 24:2 (citing *Gist v. Aetna Cas. & Sur. Co.*, 641 F. Supp. 539 (W.D. Ark. 1986) ("If [insurance agent] had received notice of cancellation, and such notice was also mailed to [client] but never received by him, [insurance agent] might be deemed negligent in not informing [client] of the notice, as in this situation the policy would be cancelled without [client] being aware of it. . . . the court refuses to believe that reasonable people could not conclude that a person in [insurance agent's] position here, in the exercise of reasonable diligence, would notify the plaintiff of an impending cancellation of his insurance policy.")). While neither party has offered controlling Arkansas law regarding this duty, the Court is persuaded that the argument that an agent has a duty to give the insured notice of an impending cancellation of a policy is not frivolous. Lincoln does not explicitly concede that ASA owed this duty to Plaintiffs, but Lincoln only argues that "even if such a duty existed, ASA fulfilled any such duty."

Plaintiffs' complaint alleges that ASA breached its duty by not sending Lincoln's 2015 letters to the Trust or informing the Trust of the letters.[2] Plaintiffs further allege that had ASA

---

[2] Plaintiffs also allege that ASA had and breached a duty to notify Lincoln that it sent the letters to the incorrect address. The Court need not address this additional negligence argument.

4

informed the Trust that Lincoln intended to cancel the Policy, the Trust would have acted to prevent the Policy from lapsing. These allegations provide a reasonable basis for predicting that Plaintiffs might be able to prove that ASA owed a duty to Plaintiffs, ASA breached its duty, and the breach was the proximate cause of Plaintiffs' injuries.

Lincoln argues that Plaintiffs have not stated a colorable claim for negligence because ASA fulfilled any duty it had to Plaintiffs by informing them that the policy would lapse in 2015 if no more premiums were paid. While this argument raises a factual dispute as to the merits of whether ASA is liable for negligence, Lincoln fails to demonstrate that Plaintiffs' negligence claim against ASA was frivolous or illegitimate. Plaintiffs need not show that state law *would* impose liability on ASA, but simply that state law *might* impose liability on ASA. As discussed above, the allegations in the complaint (Doc. 1-1) provide a reasonable basis for predicting that Plaintiffs might be able to prove that ASA was negligent.

Accordingly, Plaintiffs have made a colorable negligence claim against ASA and Lincoln has failed to prove fraudulent joinder.

## IV. Costs and Fees

Plaintiffs request that they be awarded their costs and attorneys' fees accrued due to unwarranted removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds that Lincoln did not have an objectively reasonable basis for seeking removal. While Lincoln raised a factual dispute regarding the merits of Plaintiffs' negligence claim against ASA, Lincoln did not attempt to show that the claim was

5

frivolous or illegitimate, as evidenced by Lincoln's failure to substantively contest whether ASA owed a duty to Plaintiffs. The removal of this case has unnecessarily delayed this litigation and expended the resources of the parties, counsel, and the Court. The Court therefore awards Plaintiffs their reasonable costs and attorneys' fees associated with the removal and remand of the action to be paid by the Lincoln as the removing defendant.

**V.     Conclusion**

IT IS THEREFORE ORDERED that Plaintiffs' motion to remand (Doc. 20) is GRANTED and the case is REMANDED to the Circuit Court of Pike County, Arkansas.

Plaintiffs are directed to submit to the Court a detailed and itemized statement of reasonable costs and attorneys' fees incurred as a result of the removal and remand proceedings. This itemized statement must be filed on or before April 10, 2018. Lincoln will have until April 17, 2018 to file any response. The parties are, however, strongly encouraged to confer with each other in an attempt to mutually resolve the issue of costs and fees to be awarded, and may inform the Court if no ruling on the amount is necessary.

IT IS SO ORDERED this 27th day of March, 2018.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE